WARSHAUER, Appellant, vs. EMPLOYERS' FIRE INSURANCE COMPANY, Respondent.*

*September 12—October 16, 1945.*

* Motion for rehearing denied, with $25 costs, on December 4, 1945.

*A. L. Skolnik* of Milwaukee, for the appellant.

For the respondent there was a brief by *Torphy & Torphy,* attorneys, and *Thomas E. Torphy* of counsel, all of Milwaukee, and oral argument by *Thomas E. Torphy.*

FOWLER, J.    The suit is on a policy insuring "personal property" against loss from any cause.   Trial was to the court without a jury.   Destruction of the property involved is admitted.   Judgment was entered for recovery for part of the property destroyed, but was denied for a pier claimed to be covered by the policy because it was held not to be "personal property."   The value of the pier is stipulated at $1,450. The circuit judge found as facts:

"That during the winter of 1941 and 1942 with the help of his mechanics at his garage at 621 East Wisconsin Ave., Milwaukee, Wisconsin, the plaintiff built a pier which he planned to use in connection with his home on the shore of Lake Michigan; that said pier was made of steel and iron and was constructed in sections so that it could be moved to his home and assembled and set up on the lake shore in front of plaintiff's home; that such sectional construction was used so that it could be set up in spring and again taken down in fall for storage during the winter months; that said pier when fully assembled and so set up extended about one hundred and forty feet into the lake; that late in the spring of 1942, plaintiff had this pier hauled from his garage out to his home where it was set up in the waters of Lake Michigan in front of plaintiff's home; that in the fall of 1942, the pier was taken apart and removed from said lake; that in the spring of 1943 the said pier was again assembled and set up into said lake at said place."

It is without dispute that when the pier was set up for use the sections were bolted together.   The supports were fabricated of steel and angle irons and rested on the lake bottom, without any physical attachment.   The pier was held in place by its own weight, about five thousand pounds.   The pier and the canopied platform at the end thereof and a radio

thereon were connected by plugging in with the electric-lighting system of the house. The pier was destroyed in August, 1943, by a storm of unusual severity and duration.

The trial judge considered the pier a fixture and therefore realty and therefore not covered by the policy. The plaintiff contends that the pier is not real estate and therefore is personal property and therefore is covered by the policy. This is really beside the case. It is a roundabout approach to the question of coverage. Other considerations control the case. If the policy on its face, as it stood when the loss occurred, prescribed the coverage, the coverage so prescribed must govern. At that time a rider was attached to the policy, dated July, 1943, at which time the pier stood intact. The rider increased the amount recoverable in case of loss to $13,000. On the face of this rider is the notation "Property Insured, Hhgs. Floater." The abbreviation "Hhgs." designates the property covered as articles ordinarily considered and ordinarily referred to in insurance policies as household goods. This is consistent with and serves to clarify the coverage clause of the policy itself. That clause insured "personal property," and fixes "the values of the unscheduled personal property as estimated." The term "unscheduled personal property" means of course the unscheduled personal property insured. Then follow eight named items, all included in the general term "household goods." Then follows "furniture, other personal property and miscellaneous articles, including wines and liquors." The words in this clause "other personal property" next following "furniture" refer to the word "furniture" and the previously designated classes, all within the class of household goods, and by familiar rule of construction limits other "personal property" to property like furniture and that previously mentioned.

This construction of the policy is further indicated by a rider to the policy in suit executed in October, 1943. This rider covers items particularly named, not included in the

term "unscheduled personal property" above referred to except in a clause limiting the recovery for individual items to a designated sum. The rider includes a diamond ring and three items of "furs," each exceeding in value the sum limited by the face of the ᵖpolicy as to these items, aggregating a total value of $5,147.50. This indicates that the policy limits the coverage to items falling within the kinds of "unscheduled property" above referred to, all falling within the general term of household goods, unless particularly named. The pier involved is not named either in the original policy or in the rider attached in July, 1943.

The considerations next above stated impel us to affirm the judgment of the circuit court and make it unnecessary to worry about the law of fixtures.

Plaintiff's counsel argues that in case of ambiguity in a policy the construction most favorable to the insured should be given, which is true, but we think that considering the terms of the policy and the riders no ambiguity exists. He also argues that all insurance law stems from the law of marine insurance as it existed when other kinds of insurance arose and then coverage included all "movables," and that in insurance of property other than that in ships coverage should now be construed as so applying. But we think that this argument is too farfetched to be of force. In *Northwestern Nat. Ins. Co. v. Mortensen,* 230 Wis. 377, 284 N. W. 13, like argument was made as to marine insurance law applying to property insured while in transit by railroads against loss by fire. The argument was rejected as not tenable under the terms of the policy involved. So here, regardless of how existing insurance law may be derived.

*By the Court.*—The judgment of the circuit court is affirmed.